UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BANKS JONES,

    Plaintiff,

v.                                     Case No. 3:15cv522/RV/CJK

DEBORAH LEE JAMES,
Secretary, Department of the Air Force,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter, filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, is before the court on defendant's motion for summary judgment (doc. 5) and plaintiff's response in opposition (doc. 8).[1] The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Having fully considered the parties' submissions, the record, and the relevant case law, the undersigned recommends defendant's motion for summary judgment be granted.

BACKGROUND AND PROCEDURAL HISTORY

The plaintiff, Banks Jones, is a black male veteran who claims to be disabled due to diabetes. At all times relevant to this case, Mr. Jones was employed as a

---

[1] Plaintiff is proceeding *pro se*.

Police Officer, GS-0083-06, in the 96th Security Forces Squadron (96 SFS) at Eglin Air Force Base in Okaloosa County, Florida ("Eglin").  From August 6 to August 12, 2010, the Air Force posted three Supervisory Police Officer positions, GS-0083-08, externally on USAjobs.gov and internally on the Air Force Personnel Center (AFPC) website.  Plaintiff timely applied for the positions, submitting his resumé and other documents in response to both postings.

When the postings expired, Judith Turner, Human Resources Specialist at Robins Air Force Base in Houston County, Georgia, determined thirty-four candidates, including Mr. Jones, were qualified for the position.  Of the thirty-four candidates, twenty-three were white, eight were black, one was Latino, one was multi-race, and one was Native American.  A panel of two military members outside the unit, Master Sergeant Lisa Buckman and Master Sergeant Shauna Bauer, reviewed the thirty-four candidates, scoring them on five criteria: experience, other law enforcement experience, training, education, and other relevant factors.  One panel member scored plaintiff as the top candidate and the other scored him as the third top candidate.  The 96th Security Force Squadron Security Manager, Stephen White, who oversaw the selection process, also scored Mr. Jones as the top candidate.

On December 10, 2010, Ms. Turner emailed Mr. Jones a tentative job offer.  Shortly thereafter, Ms. Turner learned plaintiff served in a GS-06 position, not a

National Security Personnel System position, and thus lacked the required one-year time-in-grade at the GS-07 level.[2] Ms. Turner determined this rendered Mr. Jones unqualified for the position, so she withdrew the tentative offer. Seven other candidates who lacked the time-in-grade at the GS-07 level also were removed from consideration. At the time she pulled Mr. Jones' offer, Ms. Turner was not aware of Mr. Jones' race or alleged disability, although she was aware he had a thirty percent Veterans Administration ("VA") disability rating because it was noted on his application.

After removing the eight candidates who did not meet the requirements for the position, Ms. Turner learned Eglin did not have any GS-07 police officer positions and the time-in-grade requirement therefore would not apply. Ms. Turner and her supervisor then re-announced the vacancies so all candidates who had been removed, including Mr. Jones, and all other permanent GS-06 employees, could qualify and apply. Ms. Turner called plaintiff, explained what happened, and directed him to re-apply. Mr. Jones, however, failed to do so, apparently believing he should not have been required to apply a second time.

Two candidates who applied for the re-announced positions, Charles E. Womack and Heather Bryant, were selected. Mr. Womack had a VA disability

---

[2] The GS-08 position plaintiff applied for was classified as a "one-interval" position, which requires a minimum time-in-grade at the next lowest level to the advertised position (GS-07) of a minimum of fifty-two weeks. *See* 5 C.F.R. § 300.604(b)(2).

Case No. 3:15cv522/RV/CJK

rating of at least thirty percent. Ms. Bryant had a disability rating of ten percent. Both Mr. Womack and Ms. Bryant are white.

On November 18, 2015, plaintiff initiated this action by filing an employment discrimination complaint against defendant, the Secretary of the Department of the Air Force ("Secretary"). In his complaint, Mr. Jones asserts claims of race and disability discrimination based on the recall of his tentative job offer. On April 28, 2016, defendant filed the instant motion for summary judgment, arguing plaintiff cannot establish a *prima facie* case of race or disability discrimination. Plaintiff disagrees, maintaining the offer was withdrawn based on his race and disability.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56(a) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 247-48 (1986).  An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the record taken as a whole could lead a rational fact finder to find for the non-moving party.  *Id.*  Summary judgment is not appropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact."  *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995).

Generally, for purposes of summary judgment, a court must view the facts in the light most favorable to the non-moving party (here, plaintiff) and draw all reasonable inferences in favor of that party.  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).  Nevertheless, "the nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is 'merely colorable' or 'not significantly probative.'"  *Vega v. Invesco Group, Ltd.*, 432 F. App'x 867, 869-70 (11th Cir. 2011).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

DISCUSSION

I.      Race Discrimination

Title VII prohibits an employer from discriminating against an employee with respect to compensation, terms, conditions, or privileges of employment because of the employee's race. *See* 42 U.S.C. § 2000e-2(a)(1). When a plaintiff alleges race discrimination under Title VII, liability depends on whether plaintiff's protected trait actually motivated the employer's decision. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). In other words, plaintiff's race must have "'actually played a role in Defendant's decision making process and had a determinative influence on the outcome.'" *Id.* (*quoting Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993)).

Race discrimination claims under Title VII may be proved through direct or circumstantial evidence. "Direct evidence is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Where, as here, a plaintiff relies solely on circumstantial evidence in support of his claim, the court considers his claim according to the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 668 (1973), and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). *See*

*Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006).

"The first step of the *McDonnell Douglas* framework requires the plaintiff to make out a case sufficient to withstand a motion for summary judgment (or a motion for judgment as a matter of law)—i.e., a 'prima facie case.'" *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 (11th Cir. 2011). "When, as here, the plaintiff claims that his employer [discriminated against] him on account of his race, he must establish four elements: (1) that he is a member of a protected class . . . ; (2) that he was qualified for the position . . . ; (3) that he was [denied the] position; and (4) that in [denying him the position], [the] employer treated him less favorably than a similarly situated individual outside of his protected class . . . . *Id.* "If the plaintiff makes this showing, he raises a presumption that his race motivated [the] employer to treat him unfavorably." *Id.* (*citing Burdine*, 450 U.S. at 254).

"Once this presumption is raised, [t]he burden then shifts to the employer to rebut [it] by producing evidence that [the employer's] action was taken for some legitimate, non-discriminatory reason." *Id.* (internal marks omitted). "If the employer meets its burden of production, the presumption of discrimination raised by the plaintiff's prima facie case is rebutted and thus disappears." *Id.* at 1325-26. A trier of fact does not have to believe the employer's proffered reason in order to find that the employer has met its burden, "[f]or the burden-of-production

determination necessarily *precedes* the credibility-assessment stage." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). Nor is an employer required to persuade the court its reason is "legitimate." *Cooper v. S. Co.*, 390 F.3d 695, 725 (11th Cir. 2004), *overruled on other grounds, Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006). The employer is required only to present evidence which, taken as true, permits a reasonable fact finder to conclude there was a legitimate nondiscriminatory reason for the employment action. *St. Mary's Honor Ctr.*, 509 U.S. at 509; *Copper*, 390 F.3d at 725.

"Once the presumption of discrimination is rebutted, the inquiry proceeds to a new level of specificity, whereby the plaintiff must show the employer's proffered reason to be a pretext for unlawful discrimination." *Smith*, 644 F.3d at 1326 (internal marks omitted). "It is at this stage that the plaintiff's 'burden ... merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.'" *Id.* (*quoting Burdine*, 450 U.S. at 256). A plaintiff can do so "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Brooks*, 446 F.3d at 1163 (internal marks omitted). With the respect to the latter, "the plaintiff must demonstrate such weaknesses, implausibility, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder

could find them unworthy of credence." *Cooper*, 390 F.3d at 725 (internal marks omitted).

"[I] a jury reasonably could infer from the evidence presented that the employer's legitimate justification is pretextual, the question becomes whether the evidence, considered in the light most favorable to the plaintiff, yields the reasonable inference that the employer engaged in the alleged discrimination." *Smith*, 644 F.3d at 1326 (*citing Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146–48, 120 S. Ct. 2097, 2108–09, 147 L.Ed.2d 105 (2000)). "If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004). Merely "[q]uarreling with that reason is not sufficient." *Id.* "If such an inference is raised by the record, it precludes summary judgment (or judgment as a matter of law)." *Smith*, 644 F.3d at 1326.

Defendant argues plaintiff cannot establish a *prima facie* case of race discrimination because he has not identified an employee outside his protected class who was treated more favorably. As the Eleventh Circuit explained, "to meet the comparability requirement a plaintiff is required to show that he is similarly situated in all relevant aspects to the non-minority employee." *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001). Here, Mr. Jones points to Mr. Womack and Ms. Bryant as comparators. Neither Mr. Womack nor Ms. Bryant, however,

was similarly situated to Mr. Jones because both applied for the positions after they were re-posted. Mr. Jones, on the other hand, failed to re-apply. Moreover, Mr. Jones was not the only candidate removed from consideration based on Ms. Turner's error. Seven additional candidates, one of whom was black and six of whom were white, also were removed. Because plaintiff has failed to identify a comparator, he has not set forth a *prima facie* case of race discrimination.

Even if Mr. Jones had established a *prima facie* case of discrimination, Eleventh Circuit law establishes that a defendant must have actual knowledge of an individual's race in order to discriminate against him. *See id.* at 1262. Indeed, "[d]iscrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent." *Id.* It is undisputed that Ms. Turner was not aware of Mr. Jones' race at the time she withdrew the offer, and there is no indication she received instruction from anyone who was. The two individuals who initially selected Mr. Jones for the position, by contrast, were aware of his race. Hence, Mr. Jones was selected for the position despite his race and removed from consideration, along with seven other candidates due to a time-in-grade requirement erroneously imposed, by an individual who was not aware of his race. And once realized, the error was corrected by re-announcing the position to ensure all qualified individuals could apply. In fact, Ms. Turner personally called plaintiff to inform him of the mistake, explain the position would be re-opened, and suggest he re-apply.

Case No. 3:15cv522/RV/CJK

Defendant also has articulated a legitimate, non-discriminatory reason for withdrawing plaintiff's offer. As set forth above, defendant withdrew the offer based on an honest mistake. In an effort to demonstrate defendant's legitimate nondiscriminatory reason is a pretext for unlawful discrimination, Mr. Jones argues the position did not need to be re-posted and he did not need to re-apply because he had already completed the process. Whether prudent or not, withdrawing plaintiff's offer and re-posting the position in an effort to correct Ms. Turner's mistake was strictly a business decision, and there is no evidence whatsoever plaintiff's race played any role in that decision. Instead, the evidence supports defendant's position. In short, because Mr. Jones has neither established a *prima facie* case of race discrimination nor offered any evidence from which a reasonable jury could conclude defendant's reason for withdrawing his offer was a pretext for unlawful discrimination, summary judgment is warranted on plaintiff's race discrimination claim.

II.     Disability Discrimination

The ADA prohibits employers from discriminating against persons with disabilities. To establish a *prima facie* case of discrimination under the Americans with Disabilities Act ("ADA") and/or the Rehabilitation Act, plaintiff must show (1) he is disabled; (2) he is qualified for the position; and (3) he was unlawfully discriminated against because of his disability. *See Branscomb v. Sec'y of the Navy*,

461 F. App'x 901, 903 (11th Cir. 2012); *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). "The ADA defines 'disability' to include: '(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;[3] (B) a record of such impairment; or (C) being regarded as having such an impairment.'" *Rossbach v. City of Miami*, 371 F.3d 1354, 1357 (11th Cir. 2004) (*quoting* 42 U.S.C. § 12102(2)). "Essential to either claim, according [to] EEOC regulations, is a showing that [the] plaintiff was 'significantly restricted in the ability to perform either a *class of jobs or a broad range of jobs* in various classes as compared to the average person having comparable training, skills and abilities.'" *Id.* at 1359 (*quoting* 29 C.F.R. § 1630.2(j)(3)(i) (emphasis in original)). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Id.* "Thus, an impairment must preclude—or at least be perceived to preclude—an individual from more than one type of job, even if the job foreclosed is the individual's job of choice." *Id.*

Here, in addition to the bars explained above, Mr. Jones has not established a *prima facie* case of disability discrimination because he has failed to identify an

---

[3] "The EEOC defines th[e] phrase ['substantially limits'] to mean 'significantly restricted as to the condition, manner or duration under which the average person in the general population can perform the same major life activity.'" *Id.* at 1357 (*quoting* 29 C.F.R. § 1630.2(j)(1)).

impairment that substantially limits a major life activity. He bases his claim on diabetes, but there is no indication diabetes substantially limits any major life activity.[4] To the contrary, plaintiff worked as a Police Officer, Security Guard, and Military Police Officer Supervisor for sixteen years prior to the commencement of this action, and there is no evidence—or even suggestion—diabetes affected his performance in any regard. There likewise is no evidence defendant was aware of Mr. Jones' alleged disability, much less withdrew his tentative job offer for that reason. Of course, the evidence shows defendant withdrew Mr. Jones' offer based on an administrative error made by an employee unaware of his condition. Because plaintiff has not established he is disabled or demonstrated any "weaknesses, implausibilities, inconsistencies, incoherencies or contradictions" in defendant's legitimate, non-discriminatory reason for withdrawal of his tentative job offer, plaintiff's disability discrimination claim fails as a matter of law.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's motion for summary judgment (doc. 5) be GRANTED and plaintiff's claims be DISMISSED WITH PREJUDICE.

2. That the clerk be directed to close the file.

---

[4] Plaintiff also contends he is disabled based on his thirty percent VA disability rating. The VA disability rating system, however, is based on an entirely different standard, and fulfills an entirely different purpose, than the ADA and thus has little to no bearing on Mr. Jones' claim.

Case No. 3:15cv522/RV/CJK

At Pensacola, Florida, this 1st day of November, 2016.


*/s/* ***Charles J. Kahn, Jr.***
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appea on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on objected-to factual and legal conclusions. *See* U.S. Ct. App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.